36 U.S. 167
 11 Pet. 167
 9 L.Ed. 673
 JAMES McBRIDE, Plaintiff in error,
v.
The Lessee of WILLIAM HOEY.
 January Term, 1837
 
 1
 ERROR to the Supreme Court of Pennsylvania, for the western district. An action of ejectment was instituted by the lessee of William Hoey against James McBride, the tenant of William Clarke, in the common pleas of Mercer county, to recover a tract of land in that county. The plaintiff obtained a verdict; and judgment on the same was rendered by the court; and the case was carried by writ of error to the supreme court of the western district of Pennsylvania, where the judgment was affirmed. To that court, as the highest court of law of the state, this writ of error was prosecuted, under the provisions of the 25th section of the judiciary act of September 1789; the plaintiff in error claiming the exercise of the jurisdiction of this court, on the allegation that an act of congress has been misconstrued by the supreme court of Pennsylvania.
 
 
 2
 The plaintiff in the ejectment, in the common pleas of Mercer county, exhibited a regular title, derived under the laws of the state of Pennsylvania, subjecting unseated or unoccupied lands to sale, for taxes left unpaid by the owner of the land. These laws give to the owners of such lands a right to redeem them, within two years after the sale; by payment or tender, to the county treasurer, of the taxes for which the lands were sold, with twenty-five per cent. in addition. In the courts of Pennsylvania, construing the laws of that state, it had been decided, that no one but the owner of the land, or his agent, could be permitted to redeem lands so sold.
 
 
 3
 The defendant in the ejectment, as the tenant of William Clarke, alleged a redemption of the lands, by a tender of the amount of the taxes, with the addition of twenty-five per cent.; and claimed, that William Clarke, who had made the tender, was the owner of the land, under the following circumstances: The same tract of land had, he alleged, been sold for taxes due to the United States, under the authority of the acts of congress laying direct taxes, and had been purchased by Mr. Clarke, at the sale made under the authority of these acts. The defendant offered in evidence a deed, executed on the 3d of July 1821, by Theophilus T. Ware, designated collector of United States direct taxes, said to be for the tract of land in controversy. This deed was admitted, as prim a facie evidence of the matters stated in it. The plaintiff in the ejectment then proceeded to prove, and did prove, that the tract of land alleged to be conveyed by the deed, had never been legally assessed for the United States direct taxes, and that the assessments were void. This evidence completely invalidated the deed from the United States collector to Mr. Clarke; and this effect of the evidence was not controverted by the defendant. He, however, contended, that being in possession, and having the deed from the designated collector of the United States direct taxes, he had such sufficient prim a facie evidence of a title to the land, as to authorize him to redeem the same from the tax-sale made under the laws of Pennsylvania.
 
 
 4
 The court of common pleas instructed the jury, that 'the plaintiff, William Hoey, having shown that he has purchased this tract of land according to law, at a treasurer's sale, and the plaintiff having shown that defendant's deed is illegal, for want of authority in the United States collector to make such sale, we instruct the jury, that the defendant has no right to interfere to defeat a regular and legal sale by the treasurer of the county to William Hoey. An invalid title, cannot defeat a good, legal and valid title.'
 
 
 5
 The counsel for defendant in error moved to dismiss the writ of error, for a want of jurisdiction in this court to entertain the same.
 
 
 6
 The plaintiff in error had submitted the following points for the consideration of the court:
 
 
 7
 1. That, whatever be the intrinsic merits or defects of Mr. Clarke's title, as derived from the authority and laws of the United States; and whether the officers of the United States had, in the detail of their operations, preliminary to the collector's sale, strictly followed the directions of the acts of congress or not; he had, prim a facie, such a title and interest, derived from the authority and laws of the United States, as qualified him to be recognised by the county treasurer as the person properly representing the proprietary interest in the land, until the nullity of his title should have been judicially ascertained and adjudged, in some course of judicial procedure, directly drawing the validity of his title in question; that so long as the only person entitle to dispute his right, acquiesced in it, or forbore to set up any adversary claim, he was entitled to be treated, by all third persons, as the true owner; that how defective soever this title, as against the original proprietor, he had nevertheless acquired an actual interest in the property, which he had a right to protect, by discharging the taxes imposed on it by the laws of the state; and further, that though he may have come into the title by wrong, yet, being in, he was privy in estate to the original proprietor, and so entitled, and perhaps, legally or morally bound, to protect the interests of both against forfeiture or alienation for legal defaults.
 
 
 8
 2. That in every view of his claim or title to the property, of the incidental interests and rights appertaining to it, and of the relations in which those interests and rights placed him to the county treasurer, the whole rested upon the construction and effect of statutes of the United States, and upon the validity of an authority exercised under the United States; all which matters are drawn in question in the judgment pronounced by the supreme court of Pennsylvania, and decided against the validity of such authority, and against the title, right and privilege claimed by the defendant in the original action, under such statutes and authority; therefore, such judgment may be properly re-examined in this court, under the authority of the 25th section of the judiciary act aforesaid.
 
 
 9
 Peters and Pearson, for the motion.—This is not a case for the jurisdiction of this court. The whole question decided in the common pleas of Mercer county, was one which did not involve, in any manner, the construction of an act of congress, or a provision of the constitution of the United States. The supreme court of Pennsylvania, in affirming the judgment of the common pleas, did no more than had been done by the inferior court. The decision of the courts of Pennsylvania is, that the defendant in the ejectment, the plaintiff in error in this court, had no regular title which could interfere with the plaintiff's regular title, derived under the laws of the state. The title of the defendant was a deed which he himself admitted to be invalid. He relied only on the prim a facie operation of a void deed; shown to be void, by testimony, and acknowledged to be so by him. He asserted, that although such was the character of the deed, it gave him a right to redeem the land; and because the court thought differently, the case is brought up to this court, on the ground, that an act of congress has been misconstrued. In stating this claim of jurisdiction, its insufficiency is fully shown.
 
 
 10
 The only question before the courts of Pennsylvania was upon the right of William Clarke to redeem the land, holding an admitted void deed. This was a question for the courts of Pennsylvania, and for those courts only, between citizens of that state. Had either of the parties been citizens of another state, other questions might have been presented—the construction of the tax laws; and as in the case of the Lessee of Wolcott v. Hepburn, in 10 Pet. 1, the construction would have been examined. The principles which regulate this question of jurisdiction were decided at the last court in Crowell v. Randell, 10 Pet. 386. In that case, the court reviewed, at large, all the previous decisions of the court on questions of a similar character with this now for consideration.
 
 
 11
 The decision of this case, when before the supreme court of Pennsylvania, is reported in 2 Watts 436. The construction of an act of congress, as is fully shown by the report of that case, was nowhere drawn in question. This is necessary to give jurisdiction on a writ of error from this court to a state court. It must appear that an act of congress has been drawn in question, and has been misconstrued. Until the case was brought into this court, the plaintiff in error had not invoked the aid of any act of congress; nor had he called on either the court of common pleas, or the supreme court of Pennsylvania, to give a construction to any such act. It was treated as a Pennsylvania question, arising under the Pennsylvania tax statutes; and it was decided according to the decisions of the Pennsylvania courts, on the construction of those laws.
 
 
 12
 Anthony opposed the motion.—He contended, that the plaintiff in error derived his title under an act of congress; the tax-sale was made under a law of the United States. Having a prim a facie title by his deed, he had a right to redeem; and by the refusal of the court to give this value to the deed, the United States law was violated, or set at nought. The object was, to show, that with this deed, and possession of the land, he should have been allowed to redeem the land from the tax-sale under which William Hoey claimed. A mere possession of lands gives a right to redeem. 8 Cranch 249; 7 Wheat. 59. The courts of Pennsylvania having decided, that the plaintiff in error, having this deed, had not a right to redeem, does not this present a question within the jurisdiction of this court, holding under a deed executed under a law of the United States? The construction of this title, under the law, comes into question; not whether the plaintiff in error had a right to hold the land, but whether he had not a right to redeem it. A person having a color of title may redeem. The effect of the deed was brought before the court; and this places the case within the rules of this court as to the provisions of the 25th section of the judiciary act of 1789. Cited, 1 Wheat. 304, 357; 6 Cranch 286; 3 Wheat. 208; also, 6 Smith's Laws 301.
 
 
 13
 TANEY, Ch. J., delivered the opinion of the court.
 
 
 14
 This case comes before the court on a writ of error, directed to the judges of the supreme court of Pennsylvania for the western district. The material facts in the case may be stated in a few words: William Hoey, the defendant in error, brought an action of ejectment, in the court of common pleas of Mercer county, for the land in question; claiming under a deed from Aaron Hakney, treasurer of the county, upon a sale made for taxes due on the said land to the state of Pennsylvania; this deed is dated October 14th, 1822. The defendant offered in evidence a deed to him from Theophilus T. Ware, collector of the United States direct taxes, for the 10th collection district of the state of Pennsylvania, dated July 3d, 1821; and also offered evidence, that on the 10th of June 1824, he had paid to the treasurer of the county, the taxes due on the land to the state, and for which it had been sold, as above stated, in order to redeem it.
 
 
 15
 It appears from the exception, that the defendant admitted, that the sale made by the United States collector, was not warranted by the act of congress, and that the deed was invalid. But although the deed was inoperative, and did not convey the title to him, yet as he was in possession under this deed, claiming title, and the deed, upon the face of it, purported to convey the land to him; he insisted, that the deed, coupled with the possession under it, was sufficient evidence of title to authorize him to redeem the land, within the time limited for redemption by the laws of Pennsylvania, after a sale for state taxes; and that having paid the taxes within that time, the title of the lessor under his deed was defeated. The court of common pleas gave judgment in favor of the plaintiff; and the case being removed by writ of error to the supreme court of Pennsylvania for the western district, the judgment of the court of common pleas was there affirmed.
 
 
 16
 The statement of the case shows, that the question upon which the case turned, and which was decided by the supreme court, depended entirely upon the laws of Pennsylvania; and not upon the act of congress. The question brought before the state court, and there decided against the plaintiff in error, was this: Is a person in possession of land in Pennsylvania, claiming title to it, under a deed, which, upon its face appears to be a good one, but which is inoperative and invalid, entitled to redeem the land, after it has been sold for taxes due to the state; so as to defeat the title of the purchaser under the state law? It is evident, that such a question must depend altogether upon the laws of the state, and not upon any law of the United States. The exception states, that the plaintiff in error admitted, that the sale and conveyance made by the United States collector was not warranted by the act of congress, and that his deed was invalid. No question was raised or decided by the court, upon the validity or construction of the act of congress, nor upon the authority exercised under it. The only question raised or decided in the state court was the one above stated; and upon such a question, depending altogether upon the state laws, this court have no power to revise the decision of the state court, in this form of proceeding. The writ of error must, therefore, be dismissed.
 
 
 17
 ON consideration of the motion made in this cause yesterday, and of the arguments of counsel thereupon had, as well in support of, as against, the motion; it is now here considered, ordered and adjudged by this court, that this writ of error to the supreme court of Pennsylvania for the western district be and the same is hereby dismissed, for the want of jurisdiction.